...
...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-04119-SLD-JEH |
| | ) | |
| MITCHELL V. RAMPLEY, TAMMY L. RAMPLEY, JP MORGAN CHASE SUCCESSOR TO PROVIDIAN NATIONAL BANK, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is the United States Marshal's report of sale, ECF No. 22. For the following reasons, the Court CONFIRMS this report.

This is a foreclosure case. On August 31, 2016, the Court granted a default judgment to Plaintiff United States of America, and ordered the sale of certain mortgaged real estate described in the default judgment order. Aug. 31 2016 Order 8. The United States then filed the Marshal's report of sale, which indicates that the Marshal advertised the sale for four weeks prior to effecting it, then sold the property at the front door of the Hancock County, Illinois courthouse on March 14, 2017. The United States now seeks an order confirming this sale pursuant to 735 ILCS 5/15-1508.

After sale of property is effected in a foreclosure case, the court ordering the sale shall conduct a hearing "in accordance with court rules applicable to motions generally" to confirm the sale. 735 ILCS 5/15-1508(b). The sale shall be confirmed unless "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were

unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done[.]" *Id.*  The court may also approve costs and fees accruing to the mortgagee between entry of judgment and the confirmation hearing, enter a judgment in the amount of any deficiency existing after the sale, or determine priority of parties claiming interest in the sale proceeds.  *Id.*

The Court forgoes a hearing, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The Marshal avers that he published the notice of sale as required, Report of Sale 1–2.  It does not appear that the sale was conducted fraudulently, or that its terms were unconscionable, or that justice was otherwise not done.  The Court therefore confirms the sale.  Pursuant to 735 ILCS 5/15-1508(b), the name, address, and telephone number of the holder of the certificate of sale issued by the Marshal are:  Abe Huls, 1738 E. County Road 850, Carthage, Il 62321, (217) 357-1103.

No deficiency judgment was requested, and none is ordered.

The marshal shall promptly execute a deed to the holder of the certificate of sale sufficient to convey title.  735 ILCS 5/15-1509(a).  The holder of the certificate of sale shall be entitled to possession of the mortgaged real estate thirty days after entry of this order, in compliance with 735 ILCS 5/15-1701(d).

Entered this 21st day of April, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
